Loebenthal v. Raleigh.

---

BERNARD LOEBENTHAL et al., executors &c.,

*v.*

BRIDGET RALEIGH et al.

36 169
f60 473

36 169
61 ·507

1. A power to mortgage is sometimes implied in a power to sell.

2. Where power of sale is given to raise a particular charge only, and the purpose can be answered better by mortgage than by sale, and that method is not violative of the intention of the grantor of the power, the former mode of raising the money should be preferred to the latter.

3. A will contained this clause, " If it should seem necessary at any time to dispose of a portion of my real estate for the payment of my debts, I hereby give my executors power to do so, either at public or private sale." The estate included a very large tract of land, which could only be sold to advantage as a whole, and whose value would be greatly depreciated by selling any part or parts of it, and by reason of its character and value a purchaser could only be obtained exceptionally and by effort. On an application by the executors

Loebenthal v. Raleigh.

(in which the beneficiaries under the will joined)—*Held*, that authority to mortgage it to raise sufficient money to pay the debts after applying the personal estate, should be given.

Bill for construction of will.

*Mr. P. L. Voorhees*, for complainants.

*Mr. H. M. Snyder, Jr.*, for defendants.

THE CHANCELLOR.

Maurice Raleigh, deceased, late of Philadelphia, by his will made the following provision: "If it should seem necessary at any time to dispose of a portion of my real estate for the payment of my debts, I hereby give my executors power so to do, at either public or private sale."

The bill is filed by the executors against the widow and children, the beneficiaries under the will, for authority to mortgage some of the testator's land to raise money wherewith to pay his debts. It states that there have been presented to the executors claims to the amount of about $145,000 against the estate for debts due from the testator, and that after winding up the business which the testator authorized them to carry on, and settling all affairs in relation thereto, the executors will not have in their possession or under their control sufficient personal property of the testator to pay his debts by about $75,000; that it has been

NOTE.—Whether a power to sell authorizes an executor to mortgage, *Ferry* v. *Laible*, *4 Stew. Eq. 566, note;* also, *Russell* v. *Plaice, 18 Beav. 21; Deery* v. *Hamilton, 41 Iowa 16; Colesbury* v. *Dart, 61 Ga. 620; Watson* v. *James, 15 La. Ann. 386;* see *Patapsco Co.* v. *Morrison, 2 Woods 395; Bloomer* v. *Waldron, 3 Hill (N. Y.) 361; Adams* v. *Rome, 59 Ga. 769; Stokes* v. *Payne, 58 Miss. 614; Hoyt* v. *Jaques, 129 Mass. 286; Starr* v. *Moulton. 97 Ill. 525.*

That a court may authorize an executor to mortgage lands to pay testator's debts, *Holme* v. *Williams, 8 Sim. 557; Selby* v. *Cooling, 23 Beav. 418; Fraser* v. *Fishburn, 4 Rich. (N. S.) 314;* see *Williamson* v. *Field, 2 Sandf. Ch. 533;* or a guardian, *Biles's Estate, 8 Phila. 587.*

Statutory power to sell lands to pay debts was held not to authorize an order to mortgage, *Melledge* v. *Bryan, 49 Ga. 397; Patapsco Co.* v. *Morrison, 2 Woods 395;* or to encumber the estate by an easement, *Brown* v. *Van Duzee, 44 Vt. 529;* see *Rosenkrans* v. *Snover, 4 C. E. Gr. 420.*—REP.

thought by them to be very advantageous to the estate to obtain a loan of $75,000 on the land in this state, which is a very large and valuable tract of about thirty thousand acres in the counties of Camden, Burlington and Atlantic, and composed of several contiguous tracts (practically all together constituting but one tract), and is known as the Atsion and Waterford tracts, to pay off the debts and settle the estate; that that property is so situated that if small tracts were sold off it, it would greatly depreciate its value, and that as the executors are advised by those who are acquainted with the property, it would be greatly to the advantage of the estate if the tract could be sold as one parcel; that the tract is worth and ought to bring about $400,-000; that it cannot now be sold as a whole, for want of a purchaser, and that, in view of its value and character, a purchaser is not easily obtained and can only be got by effort. The widow and children have answered. They not only make no opposition to granting the desired authority, but join in requesting that it be given. By an instrument of writing dated October 30th, 1882 (the bill was filed nine days previously to that date), signed by them and addressed to the executors, they request the latter to take the necessary steps to obtain the loan of $75,000 by a mortgage of all the testator's real estate in New Jersey, and pay off the debts with the money, and they express their readiness to join with them in all applications which may be necessary to obtain authority to make the mortgage. The prayer of the bill is for a decree directing the executors to execute a mortgage for $75,000 upon the before-mentioned tract of thirty thousand acres, in order to pay and satisfy the debts presented to the executors, and settle the estate.

It will have been seen that by the will the testator provides that if it should seem necessary at any time to dispose of a portion of his real estate for the payment of his debts, it shall be done; and he thereby gives his executors power to make such disposition, either at public or private sale. Under the will, then, the executors have power to sell a portion of the testator's real estate to raise money to pay his debts, if it should seem to them necessary at any time to do so. This is a charge of his debts on

all his real estate. *Cooke* v. *Farrand, 7 Taunt. 122 ; Rendlesham* v. *Meux, 14 Sim. 249.* By our statute, his debts are a charge on his lands. *Haston* v. *Castner, 4 Stew. Eq. 697.* By the will, the exercise of the power is not made to depend on the existence of an actual necessity, but on the apparent necessity in the opinion of the executors. The language is, " If it should seem necessary." The power, then, depends on the opinion of the executors, and the fact that they think it necessary will be evidenced by their conveyance. *Rendlesham* v. *Muex, ubi sup.* The only question is whether, under the power, they may raise the money by mortgage instead of sale.

It is to be observed that the testator did not by this provision contemplate a conversion for any other purpose than the payments of debts, nor to any greater extent than might be deemed necessary for that object. His design was to give his executors power to convert his real estate, to the extent that they might deem necessary, for the payment of his debts. Mr. Fisher lays it down that a power for trustees to mortgage is sometimes implied in a power to sell, viz., where, to satisfy the terms of the proposed object of the power—as, for instance, to raise a particular charge, subject to which the estate is devised—it is not necessary to make an absolute conversion. *Fisher on Mort.* § *435.* The cases of *Stroughill* v. *Anstey, 1 De G. M. & G. 635 ; Page* v. *Cooper, 16 Beav. 396,* and *Ball* v. *Harris, 4 M. & Cr. 264,* are authorities on this point. Where power of sale is given to raise a particular charge only, and the purpose can be answered better by mortgage than by sale, and that method is not violative of the intention of the grantor of the power, the former mode of raising the money should be preferred to the latter, for the obvious and sufficient reason that it is for the advantage of the estate that it should be adopted, and it is within the limits of the power intended to be conferred. It would be absurd, to say the least of it, to adhere so closely to the literal terms of the grant of power as to necessitate a sacrifice of the property, when by a reasonable construction that result could be avoided. Lord Langdale, M. R., in *Haldenby* v. *Spofforth, 1 Beav. 390,* in commenting on Lord Macclesfield's remark in *Mills* v. *Banks, 3*

*P. Wms. 1,* that "a power to sell implies a power to mortgage, which is a conditional sale," says he conceives this to mean that where it is intended to preserve the estate, there, under a direction of sale, a mortgage will sufficiently answer the purpose. And Lord St. Leonards, in *Stroughill* v. *Anstey, ubi sup.,* says : "It ought, I think, to be considered that in a case where the trustees have a legal estate, and are to perform a particular trust through the medium of a sale, although a direction for a sale does not properly authorize a mortgage, yet where the circumstances would justify the raising of the particular charge by a mortgage, it must be, in some manner, in the discretion of the court whether it will sanction that particular mode or not. It may be the saving of an estate, and the most discreet thing that can be done, and as the legal estate would go, and as the purposes of the trust would be satisfied, I think it impossible for the court to lay down that in every case of a trust for sale to raise particular sums, a mortgage might not, under the circumstances, be justified." The rule is truly expressed by Mr. Hill, as follows : A power for trustees to sell will authorize a mortgage by them, which is a conditional sale, wherever the objects of the trust will be answered by a mortgage ; as, for instance, where the trust is to pay debts or raise portions. But where the trusts declared of the purchase-money show that the settlor contemplated an absolute conversion of the estate, a mortgage will be an improper execution of the power. *Hill on Trustees 475.* In the case in hand it appears that the real estate subject to the power of sale cannot be sold to advantage except as a whole, and that to sell parts of it would greatly depreciate the value of the rest ; that the property, as a whole, ought to bring about $400,-000, but cannot now be sold as a whole for want of a purchaser, and in view of its character and value a purchaser is not easily obtained and can only be got by effort. The money for the payment of the debts may be raised by mortgage of the property, and so sacrifice be avoided. The executors ask for authority to mortgage, and the widow and children, the beneficiaries under the will, join in the request. The desired authority should be given.